## United States Bankruptcy Court
### District of New Jersey
CLARKSON S. FISHER FEDERAL BUILDING
UNITED STATES COURTHOUSE
402 EAST STATE STREET
TRENTON, NEW JERSEY 08608

KATHRYN C. FERGUSON, USBJ

(609) 989-0494

April 8, 2010

Ms. Deborah A. Roy
PO Box 724
60 Elm Street
Lambertville, New Jersey 08530

          Re:    Rob E. Roy and Deborah A. Roy
                Case No. 08-33318

                Deborah A. Roy vs. Sallie Mae
                Adversary No. 09-1406

Dear Ms. Roy:

      The Court has reviewed your Request to Enter Default Judgment but cannot enter the judgment requested because you have not proven a *prima facie* case for the relief requested. Your complaint seeks a finding that the debt owed to the defendant is dischargeable in your bankruptcy case pursuant to 11 U.S.C. § 523(a)(8). That section provides that, except in cases of undue hardship, a discharge in bankruptcy does not discharge a debtor from any debt for:

    (A)(I) an educational benefit overpayment or loan made, insured, or guaranteed by
       a governmental unit, or made under any program funded in whole or in part by
       a governmental unit or nonprofit institution; or

        (ii) an obligation to repay funds received as an educational benefit,
scholarship, or stipend; or

Ms. Deborah A. Roy
April 8, 2010
Page Two

      (B) any other educational loan that is a qualified education loan, as defined in section 221(d)(1) of the Internal Revenue Code of 1986, incurred by a debtor who is an individual;

11 U.S.C. § 523(a)(8).

      You make several arguments in support of your position: 1) that the debt was not made under a government or non-profit student loan program; 2) that it is considered a career training loan; 3) that the Sylvan Learning Center is a for profit institution; 4) that Sylvan is not a school accredited under Title IV of the Higher Education Act; and 5) that the student was not enrolled at least half-time and was not degree seeking. None of those argument support a finding that the debt to Sylvan is dischargeable.

      As the statutory language quoted above demonstrates, it is enough that the debt at issue be "an obligation to repay funds received as an educational benefit ...." 11 U.S.C. 523(a)(8)(A)(ii). This section of the statute was revised by Congress in 2005 as part of the Bankruptcy Abuse Prevention and Consumer Protection Act and "must be read as encompassing a broader range of educational benefit obligations". In re Baiocchi, 389 B.R. 828 (Bankr. E.D. Wis. 2008). Under the current version of the statute it is immaterial whether Sylvan is government supported, a school, or a for-profit institution. There is also no requirement under § 523(a)(8)(A)(ii) that the student have been enrolled full time or be seeking a degree. The term "educational benefit" is not defined in the Bankruptcy Code, but Congress through successive amendments to § 523(a)(8) has expended the scope of the section. See, In re Rosen, 179 B.R. 935 (Bankr. D. Or. 1995). In keeping with that, this Court finds that the loan at issue here, which provided an educational benefit to your child in the form of tutoring, is not dischargeable. See, e.g., In re Kesler, 401 B.R. 356 (Bankr. S.D. Ill. 2009) (court found that costs paid for a training program as a carpenter were not dischargeable under § 523(a)(8)).

      Your request for entry of default judgment is denied. The Court will enter an order dismissing the complaint.

Very truly yours,

KATHRYN C. FERGUSON, USBJ
US Bankruptcy Court

KCF:dmm
Enclosures